# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYMAN WITCHER, #352048 | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. WDQ-10-1949 |
| STATE OF MARYLAND | * | |
| Defendant | * | |

***

## MEMORANDUM

Wayman Witcher ("Witcher"), an inmate at the Eastern Correctional Institution (ECI), submitted correspondence alleging that he is in danger of imminent harm and requesting placement on protective custody. The Court construed the correspondenc as a motion for emergency injunctive relief and directed the Office of the Attorney General of Maryland to file an emergency show cause response in light of Witcher's assertions of immediate danger. After review of counsel's response and Witcher's reply thereto, the Court will dismiss the emergency request for injunctive relief, and grant Witcher twenty-eight days to inform the Court if he wishes to proceed in this prisoner civil rights complaint under 42 U.S.C. § 1983.

Witcher claims that he is subjected to threats of harm because he is a convicted child abuser. Further, he asserts that he has been beaten by fellow inmates and gang members while housed at the Roxbury Correctional Institution, the Maryland Correctional Training Center, and ECI. Witcher, who has been placed on administrative segregation, seeks protective custody status.

**Background**

Counsel for Respondent has submitted verified Department of Correction records that indicate Witcher is on administrative custody and no protective custody beds are available. Further, since Witcher's arrival at ECI, there are no documented assaults or threats to him. On January 20, 2010, Witcher filed a Request for Administrative Remedy, claiming that correctional

officers threatened his life and were harassing him, but he dismissed the complaint on July 26, 2010. Prison classification records indicate that during an April 20, 2010, classification review, Witcher was informed that he will be considered for protective custody but a bed must be available. On June 17, 2010, Witcher advised the classification team members that he could be housed safely at the Maryland Correctional Institution- Hagerstown (MCI-H). On July 15, 2010, Witcher advised the classification team that he wanted to remain on the transfer list to MCI-H.

**Analysis**

A preliminary injunction is an extraordinary and drastic remedy. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, _ U.S._, 129 S.Ct. 365, 374 (2008).[1] A plaintiff is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 375-76.

Witcher fails to establish that he is likely to suffer irreparable harm without emergency injunctive relief. First, there is no record that Witcher has been assaulted at ECI. Next, he is on administrative segregation pending availability of a bed on the protective custody unit. Further, courts recognize that the daily maintenance of security and order in a correctional institution are "considerations ... peculiarly within the province and professional expertise of corrections

---

[1] The *Blackwelder* balance-of hardship test set forth in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.,* 550 F.2d 189 (4th Cir.1977), and referenced by counsel no longer applies. *See The Real Truth About Obama*, Inc. v. Federal Election Commission, 575 F.3d 342 (4th Cir. 2009*), vacated on other grounds*, _U.S. _, 130 S. Ct. 2371(2010) (recognizing that the standard set forth in *Winter* supplants the previous standard in *Blackwelder*).

officials." *See, e.g., Bell v. Wolfish,* 441 U.S. 520, 540 n. 23, 548 n. 29 (1979). Inmates do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano,* 427 U.S. 215, 224 (1976).

Based on his allegations, plaintiff fails to establish that he is likely to succeed on the merits or the balance of equities tips in his favor. Accordingly, a preliminary injunction will be denied. The Court will grant Witcher twenty-eight days to inform the Court whether he wishes to continue consideration of his claims, amend his claims, or withdraw this case from further consideration. A separate Order follows.

October 6, 2010                                            /s/
Date                                                 William D. Quarles, Jr.
                                                     United States District Judge